UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CFS SERVICES, LP, a Texas Limited Partnership

    Plaintiff,

v.                                                   Case No.:   2:20-cv-129-FtM-38MRM

AMERITECH ROOFING SYSTEMS INC.,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court upon *sua sponte* review of Plaintiff CFS Services, LP's ("CFS") Complaint. (Doc. 1). CFS sues Ameritech Roofing Systems, Inc. for state law contract claims, citing diversity jurisdiction. Yet because CFS has failed to provide the Court with sufficient information to establish diversity jurisdiction, the Complaint is due to be dismissed.

Because federal courts are courts of limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In an action filed directly in federal court, the plaintiff must plead and prove jurisdiction. *See King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007). Federal courts have diversity jurisdiction over a matter if the amount in controversy exceeds $75,000, exclusive of interests and costs,

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

and there is complete diversity of citizenship among the parties.  See 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).  Plaintiff's citizenship, as a limited partnership, is problematic here.

The citizenship of a partnership is not determined by the state of organization and principal place of business, as with a corporation, but rather by the citizenship of each of its general and limited partners.  See *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-88 (1990).  Plaintiff alleges it "is a limited partnership organized under the laws of the State of Texas." (*Id.* at ¶ 1).  This allegation fails to show what limited partners exist and their citizenship.  Thus, on the face of the Complaint, it is unclear the diversity jurisdiction exists.  The Court will allow Plaintiff to amend its pleading and establish jurisdiction.

Accordingly, it is now

**ORDERED:**

1. Plaintiff CFS Services, LP's Complaint (Doc. 1) is **DISMISSED without prejudice.**  Plaintiff may file an amended complaint **on or before September 16, 2020**.  **Failure to do so will result in the Court closing this case.**

2. Defendant Ameritech Roofing Systems, Inc.'s Motion to Dismiss or For a More Definite Statement is (Doc. 16) **DENIED without prejudice as moot.**

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of September, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record